UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DARYL KEITH BURNETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01110-TWP-MJD |
| | ) | |
| HAYLEY PRYOR | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Daryl Burnett's ("Mr. Burnett") Motion for Summary Judgment (Dkt. 21), Motion for Court Order (Dkt. 22), and Motion for Deadline for the Miami Correctional Facility to Authorize Plaintiff to use the Law Library (Dkt. 29). Also pending is Defendant Hayley Pryor's ("Officer Pryor") Motion for Summary Judgment on Exhaustion (Dkt. 24) and Motion to Strike Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment on Exhaustion (Dkt. 30). After screening Mr. Burnett's Complaint, the Court determined that his claim that Officer Pryor violated his First Amendment rights could proceed (Dkt. 14). Officer Pryor asserts the affirmative defense that Mr. Burnett failed to exhaust his administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLURA") (Dkt. 20). Both parties seek judgment as a matter of law on the issue of exhaustion. For the reasons explained below, Mr. Burnett's motion for summary judgment is **granted,** Officer Pryor's motion for summary judgment is **denied,** and the parties' ancillary motions are **denied**.

1

## I.    SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.    FACTUAL BACKGROUND

At all times relevant to the claims in this suit, Mr. Burnett was incarcerated at Plainfield Correctional Facility, a prison maintained by the Indiana Department of Correction (IDOC) (Dkt. 14).

### A. Offender Grievance Process

PLURA requires that a prisoner must exhaust his administrative remedies before filing a lawsuit in federal court. The IDOC has a standardized offender grievance process which was in place during the time when Mr. Burnett alleges his rights were violated. (Dkt. 25-1 at 2). IDOC Policy and Administrative Procedures 00-02-301 ("Offender Grievance Process") govern the Indiana Department of Correction policy and grievance procedures and details how a prisoner must exhaust his administrative remedies using that procedure. (Dkt. 25-2 at 1). In September 2023, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 3. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. (Dkt. 25-1 at 2).

### B. Plaintiff's Participation in the Grievance Process

Mr. Burnett alleges that on September 5, 2023, after he threatened to file a lawsuit against Officer Pryor for failing to provide him with medical care, she told him that if he filed a lawsuit or grievance against her, she would not permit him to come to the infirmary for physical therapy. (Dkt. 14 at 2). The Court allowed Mr. Burnett to proceed on his claim that Officer Pryor violated his First Amendment rights by threatening violence and denial of medical care in response to his statement that he intended to file a grievance. *Id.* at 4.

The record shows that Mr. Burnett submitted numerous inmate grievances after the September 5, 2023 incident, including three central grievances surrounding the events in this lawsuit:

1. Grievance No. 23-159828, dated September 18, 2023, and stamped on September 19, 2023. This grievance concerned the "delay and/or denial of

medical treatment" from Nurse Osburn and Therapist Mukona and mentioned that on September 5, 2023, Mr. Burnett was not seen for therapy and that Pryor told him his pass was for the previous day. (Dkt. 25-2 at 2). This grievance was returned for containing multiple issues, and the returned grievance stated that Mr. Burnett could correct his grievance and resubmit within five (5) working days. *Id*. at 1.

2. Grievance No. 23-162390, dated September 14, 2023, and stamped on or around September 19, 2023. (Dkt. 25-4 at 7).

Mr. Burnett notated in this grievance

"I'm grieving the retaliation of staff giving me a conduct report, being, Pryor, McCafferty, Lawson, Lamor, and don't know the other names yet on 9-14-2023. I found out with a Screening Report stating I had a Class B-252 Interfering with Staff in part for stating "I'm filing a lawsuit" against these staff, and they all work together and conspired to have me given a conduct report for my right to state I'm filing a lawsuit being unfair violating policy docs. I am seeking to never be retaliated against by prison staff or them being unfair towards me."

*Id*. Grievance 23-162390 was returned with the notation "this is a DHB[1] issue and needs to be addressed through the DHB appeal process and not the grievance process." *Id*. at 5.

3. Grievance No. 25-202658 regarding alleged delay and denial of medical treatment from September 5, 2023. Dkt. 25-4 at 4.

### III.   **DISCUSSION**

Officer Pryor contends that the undisputed evidence shows that Mr. Burnett failed to exhaust his administrative remedies related to his First Amendment retaliation claims. (Dkt. 24). Officer Pryor concedes that Mr. Burnett filed multiple grievances in and after September 2023, however, she argues that the grievances contained multiple issues—due to being Disciplinary Hearing Board issues—and after they were returned, Mr. Barnett failed to

---

[1] In the Indiana Department of Correction (IDOC), a DHB process refers to the Disciplinary Hearing Board (sometimes called a Disciplinary Hearing Body). It is the formal internal administrative tribunal process used to review, screen, and hear a Report of Conduct (disciplinary charges) against an incarcerated individual for alleged rule violations. *See* https://www.in.gov/idoc/policies-and-statistics/policies/ (visited August 11, 2026).

properly correct and resubmit them. (Dkt. 26 at 4). Mr. Burnett attests that because he was found not guilty of the related disciplinary matter, the disciplinary process and his successful appeal satisfied his PLURA obligations. (Dkt. 21 at 1).

The Court will first address the parties' ancillary motions before discussing the summary judgment motions.

### A. Ancillary Motions

Mr. Burnett's motion titled "Motion for the Court to issue an (sic) Court ordered deadline for the Miami Correctional Facility to authorize plaintiff to use the law library for 12 hours per week or be allowed to attend the law library three days out of the five open days in a week," and motion for deadline order, (Dkts. 22, 29) are **denied.** This Court lacks authority to grant the relief requested. Mr. Burnett's request for library time has no nexus between his underlying claims. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)

Officer Pryor's motion to strike argues that Mr. Burnett's response to its motion for summary judgment is untimely and therefore should be stricken. Officer Pryor points out that "[a] court has the authority to set, and the discretion to enforce, its own deadlines. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006) ("Rule 6(b)…clearly gives courts both the authority to establish deadlines and the discretion to enforce them.")." Mr. Burnett is a *pro se* prisoner litigant who has had problems using the law library at his facility. In its discretion, the Court will accept his belated response. Accordingly, Officer Pryor's motion to strike response, (Dkt. 31), is **denied.** The Court considers Mr. Burnett's response in the consideration of this order.

**B. <u>Summary Judgment Motions</u>**

The PLRA, requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Burnett] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross,* 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

The core of Officer Pryor's argument for summary judgment is as follows:

> Plaintiff did not properly and timely submit a grievance concerning his allegations that Pryor retaliated against him on September 5, 2023, by threatening to deny him medical care, confiscate his medical devices, and cause harm to fall upon Plaintiff in response to Plaintiff stating that he would submit a grievance or file a lawsuit. [Dkt. 25-4]. PCF received multiple grievances in and after September 2023; however, those grievances submitted by Plaintiff did not concern his allegations against Pryor. See [Dkt. 25-3]; see also [Dkt. 25-4]. Thus, Plaintiff failed to properly complete the Offender Grievance Process on his claim against Pryor.

Dkt. 26 at 6. This argument, though, is not borne out by the evidence.

The record Officer Pryor has developed shows that on September 19, 2023 Mr. Burnett submitted a formal grievance, Grievance 23-162390, regarding retaliation and specifically naming Officer Pryor concerning the event underlying this lawsuit. He was then unable to further appeal this grievance because IDOC stated he needed to appeal this issue through the DHB process.

To be sure, grievance does not "allege retaliation in the form of being denied medical care, having his medical devices confiscated, or physical harm from staff" as Officer Pryor seems to imply is necessary to render the grievance valid. (Dkt. 26 at 4). But no provision in the Grievance Process required Mr. Burnett to specify every detail about the retaliatory conduct, so failure to name these specific details does not render his claim unexhausted. *Jones v. Bock*, 549 U.S. 199, 219 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Mr. Burnett argues in his response that he was not required to exhaust his remedies through the grievance process because he appealed his conduct report which fulfils the exhaustion requirement. (Dkt. 30). In support, he cites within his brief the IDOC Grievance Policy generally, but when viewing the policy, the Court notes that the exact scenario in question was contemplated here within the policy document:

"B. **Screening the Grievance**. An offender may not grieve the procedure used in disciplinary proceedings or grieve a finding of guilt. However, **the offender is not barred from filing a grievance about an event that is merely related to an event that is the subject of disciplinary proceedings**. For example, an offender who has been found guilty of battery on staff would not necessarily be barred from filing a grievance that the staff member had treated him or his property improperly in the same course of events."

Dkt. 25-2 at 10. Mr. Burnett followed this procedure according to the policy. He grieved the issue, named the individuals responsible, and noted that he was specifically grieving the retaliation related to a DHB issue. The fact that IDOC failed to allow him to appeal his grievance pursuant to their own policy rendered the process unavailable to him. Accordingly, Mr. Burnett's motion for summary judgment is **granted**.

"Because exhaustion is an affirmative defense," Defendant Officer Pryor faces the burden of establishing that "an administrative remedy was available and that [Mr. Bouye] failed to pursue it." *Thomas*, 787 F.3d at 847. Defendant Officer Pryor failed to meet that burden. Her motion for summary judgment is **denied**.

## IV.     CONCLUSION

Mr. Burnett's motion titled "motion for the Court to issue an (sic) Court ordered deadline for the Miami Correctional Facility to authorize plaintiff to use the law library for 12 hours per week or be allowed to attend the law library three days out of the five open days in a week," Dkt. [22] is **DENIED**. His Motion for Deadline for the Miami Correctional Facility to Authorize Plaintiff to use the Law Library, Dkt. [29] is **DENIED**. And Defendant's Motion to Strike Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment on Exhaustion Dkt. [31], is **DENIED.**

For the reasons explained below, Mr. Burnett's Motion for Summary Judgment, Dkt. [21], is **GRANTED** and  Officer Pryor's Motion For Summary Judgmenton Exhaustion, Dkt. [24], is

8

**DENIED**. The Defendant's defense of failure to exhaust available administrative remedies related to the September 5, 2023, incident is **dismissed.**

The Court will separately enter a scheduling order to direct the further development of this action.

**IT IS SO ORDERED.**

Date: 8/11/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DARYL KEITH MR. BURNETT, JR.
137416
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Elijah B. Mollet
Lewis And Wilkins LLP
emollet@lewisandwilkins.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com